R. C. ANDREWS, *Sheriff, etc. v.* COUNTY COURT OF KANAWHA
COUNTY *et al.*

(No. 7848)

Submitted December 5, 1933.    Decided December 12, 1933.

J. *Blackburn Watts* and *D. Jackson Savage,* for relator.
*Dale G. Casto,* for respondents.

MAXWELL, PRESIDENT:

The sheriff of Kanawha County seeks by mandamus to
compel the county court to issue orders for the salaries of
the sheriff and his deputies. No orders were issued for Sep-
tember, October or November, 1933.

The county court answers that there is no money in the
general county fund with which to pay these salaries; that by
reason of the decision of this Court in the cases of *Bee* v. *City
of Huntington* and *Eakle* v. *County Court of Braxton County,*
decided together, 114 W. Va. 40, 171 S. E. 539, the levies
which had been laid for Kanawha County for the fiscal year
1933-34 under provisions of Chapter 38, Acts of the Regular
Session of the Legislature of West Virginia 1933, became in-
effectual; that because of the existing confusion with refer-
ence to the tax situation generally no other levies have been
laid; that the respondents cannot anticipate any funds for
the fiscal year 1933-34, and that at present no funds are

available which could be applied to the payment of these salaries.

The relator takes the position that notwithstanding the situation disclosed by the respondents, orders for monthly installments of salaries of county officials should nevertheless be issued. He says that the issuance of orders, even though there are no funds to pay them, is contemplated by the provisions of Code 1931, 7-5-7, reading:

> "If, when an order is presented to the sheriff, there are no funds to pay the same, the person entitled to receive the sum of money specified in such order may require the sheriff to indorse thereon, or write across the face thereof, the words 'presented for payment,' with the proper date, and sign the same; and the order, if it was due at the time of presentment, shall in such case be payable with legal interest from such date: * * *."

We do not interpret that provision as applicable to a situation such as is here presented. The purpose of that statute is to meet casual situations only, and is not meant to authorize the issuance of orders where there are no funds in existence regularly applicable to the discharge of such orders, and no funds for which provision has been made by authorized levies, and no funds otherwise available. The statute presupposes either existing funds in the county treasury out of which county orders can be paid, or an actual levy which will in the regular order of events produce such funds. This conclusion, that funds must be existing or potential before orders for money may be lawfully issued, is unavoidable in the light of another statute, very emphatic in its terms, which expressly forbids any local fiscal body from expending money or incurring obligations in excess of the funds available for current expenses. Acts Regular Session Legislature of West Virginia 1933, chapter 38, section 20.

This section is a successor of Code 1931, 11-8-13, which expressly forbade any such fiscal body from issuing "any certificate, order or other evidence of indebtedness which cannot be paid out of the levy for the current fiscal year or out of the fund against which it is issued." Each provides penalties for its violation by a member of any such board.

Among the penalties is forfeiture of office. In the case of *Ball* v. *Toler*, 109 W. Va. 61, 153 S. E. 238, the office of a member of a county court was declared forfeited because of his negligent participation in the issuance of county overdrafts. Under the rigorous requirements of the statute, there was no available basis for a different determination of that case. By the same measure, we are of opinion that if the respondents, under the existing condition of the county finances, should issue salary orders, as sought by the relator, their action would be in violation of the statute. Its penalties would impend.

In the light of the considerations thus presented, we are of opinion to refuse the writ.

*Writ refused.*

*Memo.* Sec. 17 of Act of Extraordinary Session of the Legislature (committee substitute for House Bill No. 63) passed December 9, 1933, in effect from passage, is the same as section 20, chapter 38, Acts Regular Session, 1933.